**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**


JOSE ARCILA-PEDRAZA,         )
                                 )
             Petitioner,   )
                                 )
             v.             )     1:09CV138
                                 )     1:07CR35-2
UNITED STATES OF AMERICA,   )
                                 )
             Respondent.   )


**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Jose Arcila-Pedraza, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 47.)[1] Petitioner was indicted on one count of conspiracy to distribute methamphetamine and cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of maintaining a dwelling to manufacture and distribute cocaine hydrochloride in violation of 21 U.S.C. § 856(a)(1) and (b). (Docket No. 1.) Petitioner went to trial and was convicted on all four counts. (Docket No. 30.) He was subsequently sentenced to four concurrent sentences of 188 months of imprisonment. (Docket No. 32.)

Following an unsuccessful appeal (docket nos. 44-46), Petitioner filed his current motion under § 2255. In it, he sets out a single claim for relief that is nominally based on

---

[1]This and all further cites to the record are to the criminal case.

ineffective assistance of counsel.  However, the substance of his claim states that he believes his sentence was too harsh and that the Court should give him a lower sentence of 120 months.  He then refers to his attached memorandum.  The memorandum argues that the entire case against Petitioner was based on mistaken identity and that he was not the person who was observed in possession of illegal drugs and weapons.  He also complains that he was never offered a plea agreement that would have allowed him to weigh the dangers and benefits of going to trial.  Respondent has filed a response seeking to have that motion denied.  (Docket No. 57.) Petitioner has filed a reply document styled as an "affidavit." (Docket No. 59.)  Petitioner's motion is now before the Court for a decision.

## DISCUSSION

As just set out, it is difficult to even decipher the true nature of Petitioner's claim or claims.  To some extent, it appears that he is alleging that his sentence was simply too harsh, continuing to argue the issues from his trial, and/or faulting the government for not offering him a plea agreement.  If so, none of these are cognizable claims for relief under § 2255.  Actions brought pursuant to 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice.  United States v. Addonizio, 442 U.S. 178 (1979).  A sentence of 188 months is not so harsh as to be unconstitutional.  United States v. Khan, 461 F.3d 477, 495 (4th Cir. 2006)(harsh or lengthy sentences do not violate the

-2-

Constitution).  Likewise, it has long been the law that a § 2255 motion is not a vehicle for retrying a case.  Hilliard v. United States, 185 F.2d 454 (4th Cir. 1950).  Finally, there is no constitutional right to a plea offer.  Fields v. Attorney General of State of Md., 956 F.2d 1290, 1298 n.19 (4th Cir. 1992).  To the extent that Petitioner is raising any of these claims, they should be denied.

Petitioner's claim is entitled as being for ineffective assistance of counsel, although his arguments call this into question.  Even assuming that it is an ineffective assistance of counsel claim, it still fails.  In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).  A petitioner bears the burden of affirmatively showing deficient performance.  See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).  To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the

-3-

result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694.

Here, it is difficult to tell exactly how Petitioner feels his counsel failed to provide proper assistance. Again, most of his argument deals with the harshness of his sentence, his innocence, and the lack of any plea offer. He has not explained how his counsel could have handled matters differently at sentencing or trial. Therefore, any ineffective assistance of counsel claims related to those matters are entirely conclusory. As for the lack of a plea offer, any contention that counsel should have sought such an offer is flatly inconsistent with Petitioner's steadfast assertions that he is innocent of the charges. His former attorney explains in an affidavit that he did not seek a plea offer from the government because Petitioner never asked him to do so and because Petitioner continually professed his innocence and sought to proceed to trial. Further, as former counsel points out, Petitioner states that he would have considered a plea agreement in order to receive a sentence reduction for acceptance of responsibility. However, in order to receive that reduction, Petitioner would have had to admit his guilt. (Docket No. 57, Ex. A.) He does not do this even now in his § 2255 motion and reply affidavit.

In the end, Petitioner gives no reason why counsel would have sought a plea agreement and does not show that he would have taken the offer or benefitted from his acceptance of any offer even if one had been made. He has not established, as required by

-4-

<u>Strickland</u>, either a problem with his attorney's performance or any prejudice from former counsel's handling of the case.  His § 2255 motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 47) be **DENIED** and that Judgment be entered dismissing this action.

    /s/ Donald P. Dietrich    
**Donald P. Dietrich**
**United States Magistrate Judge**

September 28, 2009